NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407/2253
     Facsimile: (213) 894-2927
     E-mail:    william.rollins@usdoj.gov
                george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-127-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 1 TO PRECLUDE ANY ARGUMENT OR EVIDENCE INVITING JURY NULLIFICATION |
| v. | |
| GUAN LEI, | TRIAL DATE: 11/17/2020 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys George E. Pence and William M. Rollins, hereby files its Motion in Limine No. 1 to Preclude Any Argument or Evidence Inviting Jury Nullification.

//

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 26, 2020                Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       CHRISTOPHER D. GRIGG
                                       Assistant United States Attorney
                                       Chief, National Security Division


                                            /s/
                                       GEORGE E. PENCE
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Guan Lei ("GUAN") is charged with destroying evidence to obstruct a federal investigation, in violation of 18 U.S.C. § 1519.  In July 2020, the Federal Bureau of Investigation ("FBI") began investigating GUAN in connection with visa fraud and the possible transfer of sensitive information from the University of California, Los Angeles ("UCLA") to high-ranking People's Republic of China ("PRC") military officers and the PRC's National University of Defense Technology ("NUDT"), an entity suspected of procuring U.S.-origin items to develop supercomputers with nuclear explosive applications.

During the federal investigation, GUAN – an NUDT student from the PRC conducting research at UCLA on a J-1 visa - deliberately concealed digital storage drives from the FBI, falsely told U.S. Customs and Border Protection officers that he never contacted the PRC consulate while in the United States, and, several days after refusing the FBI's request to conduct an offsite search of his laptop, walked circuitously around his apartment building, reached into his sock, and threw a destroyed hard drive into a trash dumpster nearby.

GUAN now appears poised to offer argument or evidence at trial that the government's investigation and prosecution of him is politically-motivated.  In recent correspondence with the undersigned Assistant United States Attorney, GUAN's counsel asserted that the FBI's investigation of GUAN "originated with President Trump's May 29, 2020 Proclamation regarding visa applicants from China which, frankly, tends to suggest this investigation and prosecution are

political in nature." As a factual matter, GUAN is wrong, and any evidence or argument based on GUAN's perception of political disputes between the United States and the PRC would not assist the trier of fact in resolving whether GUAN engaged in the charged conduct. <u>See</u> Fed. R. Evid. 401, 402. Its sole purpose would be to garner sympathy and induce nullification.

GUAN has not offered any evidence to support his theory, which carries a strong potential for confusing the issues, misleading the jury, causing undue delay, and wasting time. The Court has a duty to stand as a bulwark against jury nullification and should exercise its discretion under Federal Rule of Evidence 403 to preclude any argument, evidence, or lines of questioning concerning GUAN's theory that the government's investigation and prosecution of him is "political in nature."

## II. ARGUMENT

The Ninth Circuit recently re-affirmed the district court's duty to forestall and prevent jury nullification. In <u>United States v. Kleinman</u>, 880 F.3d 1020, 1032 (9th Cir. 2017), the Ninth Circuit held that part of a district court's anti-nullification instruction was improper because it suggested "that (1) jurors could be punished for jury nullification, or that (2) an acquittal resulting from jury nullification is invalid." In so holding, however, the Ninth Circuit underscored the district court's role in discouraging nullification, and concluded that the instructional error was harmless. According to the Ninth Circuit:

> Jury nullification occurs when a jury acquits a defendant, even though the government proved guilt beyond a reasonable doubt. It is well established that jurors have the power to nullify, and this power is protected by freedom from recrimination or sanction after an acquittal. However,

2

> juries do not have a <u>right</u> to nullify, and courts have no corresponding duty to ensure that juries are able to exercise this power, such as by giving jury instructions on the power to nullify. On the contrary, courts have the duty to forestall or prevent nullification, whether by firm instruction or admonition or dismissal of an offending juror, because it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence.

<u>Id</u>. at 1031 (emphasis in original, punctuation citation and quotation marks omitted); <u>see also</u> <u>United States. v. Blixt</u>, 548 F.3d 882, 890 (9th Cir. 2008) (a trial court is well within its discretion to instruct a jury to disregard defense counsel arguments aimed at jury nullification (citing <u>United States v. Sturgis</u>, 578 F.2d 1296, 1300 (9th Cir. 1978) ("Not only should a judge interfere with an attorney's closing argument when it is 'legally wrong,' but he should also limit, for example, attorneys' remarks outside the record or unduly inflammatory."))); <u>United States v. Powell</u>, 955 F.2d 1206, 1213 (9th Cir. 1991) (district court did not abuse its discretion by refusing to give proposed nullification instruction).

    The Court should therefore disallow GUAN's pursuit of nullification - specifically, by preventing any evidence or argument that FBI's investigation of GUAN and the U.S. Attorney's Office's prosecution of him is politically-motivated.

//

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court preclude GUAN from offering any argument, evidence, or lines of questioning of any trial witness regarding his theory that the government's investigation and prosecution of him is somehow politically-motivated. GUAN's theory is untethered to the facts of this case, and it has no bearing on whether he deliberately destroyed a hard drive to obstruct a federal investigation.

Dated: October 26, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

_____/s/_____
GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA