NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407/2253
    Facsimile: (213) 894-2927
    E-mail:   william.rollins@usdoj.gov
             george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>GUAN LEI,<br><br>      Defendant. | No. CR 20-127-MWF<br><br>GOVERNMENT'S MOTION IN LIMINE NO. 2 TO PRECLUDE ANY REFERENCES TO DEFENDANT'S SENTENCING EXPOSURE<br><br>TRIAL DATE: 11/17/2020 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys George E. Pence and William M. Rollins, hereby files its Motion in Limine No. 2 to Preclude Any References to Defendant's Sentencing Exposure at Trial.

//

This Motion is based upon the attached memorandum of points and authorities and exhibits thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 26, 2020        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


      /s/
WILLIAM M. ROLLINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant GUAN LEI ("defendant") faces up to 20 years in federal prison if convicted of destruction of evidence, in violation of 18 U.S.C. § 1519.  Although defendant's Sentencing Guidelines range is much lower than the statutory maximum of 20 years' imprisonment, the Court should nevertheless apply longstanding Ninth Circuit law to prohibit any discussion of, or references to, any of the specific punishments defendant is facing if convicted.

**II.   FACTUAL BACKGROUND**

In July 2020, the Federal Bureau of Investigation ("FBI") began investigating defendant in connection with visa fraud and the possible transfer of sensitive information from the University of California, Los Angeles ("UCLA") to high-ranking military officers in the People's Republic of China ("PRC") and the PRC's National University of Defense Technology ("NUDT"), an entity suspected of procuring U.S.-origin items to develop supercomputers with nuclear explosive applications.

During the federal investigation, defendant – an NUDT student from the PRC conducting research at UCLA on a J-1 visa  - deliberately concealed digital storage drives from the FBI, falsely told U.S. Customs and Border Protection ("CBP") officers that he never contacted the PRC consulate while in the United States, and, several days after refusing the FBI's request to conduct an offsite search of his laptop, walked circuitously around his apartment building, reached into his sock, and threw a destroyed hard drive into a trash dumpster nearby.  A federal grand jury indicted defendant on one count of destruction of evidence, 18 U.S.C. § 1519,

1  on September 10, 2020.  As indicated above, the charge against GUAN
2  carries a possible statutory maximum of 20 years' imprisonment.
3  **III. LAW APPLICABLE TO EVIDENCE OF POSSIBLE SENTENCES**
4      Defendant and his counsel should be precluded from discussing
5  both the general concept of statutory maximum sentences and
6  defendant's specific sentencing exposure, as that may lead the jury
7  to base its verdict on improper considerations of punishment.
8      "It has long been the law that it is inappropriate for a jury to
9  consider or be informed of the consequences of their verdict."
10 United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).  As the
11 Supreme Court explained in Shannon v. United States, 512 U.S. 573
12 (1994):
13      The principle that juries are not to consider the
         consequences of their verdicts is a reflection of the basic
14       division of labor in our legal system between judge and
         jury.  The jury's function is to find the facts and to
15       decide whether, on those facts, the defendant is guilty of
         the crime charged.  The judge, by contrast, imposes
16       sentence on the defendant after the jury has arrived at a
         guilty verdict.  Information regarding the consequences of
17       a verdict is therefore irrelevant to the jury's task.
         Moreover, providing jurors sentencing information invites
18       them to ponder matters that are not within their province,
         distracts them from their fact-finding responsibilities,
19       and creates a strong possibility of confusion.
20 Id. at 579.
21     The Ninth Circuit recently reaffirmed this long-settled
22 principle, rejecting the defendant's argument that the district court
23 erred in precluding him from informing the jury of the mandatory
24 minimum sentence that he faced if convicted.  See United States v.
25 Lynch, -- F.3d. --, 2018 WL 4354373, *13 (9th Cir. Sept. 13, 2018).
26 There, the Ninth Circuit held that the jury was not entitled to be
27 informed of the mandatory minimum sentence because "it is well
28 established that when a jury has no sentencing function, it should be

2

admonished to 'reach its verdict without regard to what sentence might be imposed.'" Id., quoting Shannon, 512 U.S. at 579.

The well-settled principle that the jury should not be informed of the punishment a defendant faces if he is convicted is reflected in the Ninth Circuit Model Jury Instruction 7.4, which provides: "The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Ninth Cir. Crim. Jury Instr. 7.4 (2010 ed.; last updated 5/2020). The Supreme Court and the Ninth Circuit have held that the jury should be instructed that their function is not to consider or speculate as to the punishment that may flow from their decision. See, e.g., Rogers v. United States, 422 U.S. 35, 40 (1975) (holding the jury should have been admonished "that the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); United States v. Reed, 726 F.2d 570, 579 (9th Cir. 1984) (holding that district court properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within the province of the court. It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.").

The jury's verdict should be based on the facts presented at trial, rather than on their possible sympathy for defendant or their personal evaluation of the whether the sentence authorized by the law for a particular violation seems appropriate. See, e.g., United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1109 (E.D. Cal. 2008) (granting government's motion in limine to exclude, among other

3

things, testimony regarding potential punishment and any mention of penalties or prison terms in "medical marijuana" case); Patterson v. Runnels, 288 F. Supp. 2d 1092, 1099-1100 (C.D. Cal. 2003) (Klausner, J.) ("The jury is not to consider the consequences of its verdict, and should be instructed to reach its verdict without regard to what sentence might be imposed."); Lacy v. Lewis, 123 F. Supp. 2d 533, 552 (C.D. Cal. 2000) (Letts, J.) (holding petitioner had no constitutional right to advise jury that he was being prosecuted under California's Three Strikes Law).

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court preclude any evidence, argument, or other reference to the statutory maximum sentence or defendant's sentencing exposure at trial.

Dated: October 26, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

        /s/
WILLIAM M. ROLLINS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA