NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-7407/2253
        Facsimile: (213) 894-2927
        E-mail:    william.rollins@usdoj.gov
                   george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-127-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 3 TO PRECLUDE IMPROPER EVIDENCE AND PREVIOUSLY UNDISCLOSED DEFENSE EXPERTS |
| v. | |
| GUAN LEI, | |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys William M. Rollins
and George E. Pence, hereby files this Motion in Limine No. 3 to
Preclude Improper Evidence and Previously Undisclosed Defense
Experts.

//

//

//

The government's motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 3, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

              /s/
_____
WILLIAM M. ROLLINS
GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In defendant GUAN LEI's ("defendant") opposition to the government's ex parte application to continue the trial date, his counsel, Deputy Federal Public Defender Michael Schachter, referenced: (1) newspaper articles about military uniforms in China and the Trump Administration's foreign policy toward China; (2) his own analysis of the significance of Chinese Scholarship Council ("CSC") codes assigned to People's Republic of China ("PRC") scholars overseas; and the opinions of his colleagues at the Deputy Federal Public Defender's Office about (3) the destroyed hard drive and computers seized by FBI in this case; and (4) "common" practices of individuals within the "information technology community."  (Dkt. 70 at 2-13.)

While any of the four topics identified above may potentially be the subject of, or basis for, expert testimony and a defense case-in-chief, no expert witness has been identified, and no reciprocal discovery has been produced, by the defense to date.  The government has elsewhere argued that the interests of justice warrant a continuance of the trial date and the opportunity for the defense to properly produce reciprocal discovery under Rule 16, including notice of any expert witness whose testimony defendant may seek to introduce at trial.  In the absence of such a continuance and with trial scheduled for November 17, however, it is clear that defendant's previously-undisclosed evidence and "expert" testimony on these

topics must be excluded under Federal Rule of Criminal Procedure 16[1] and under Federal Rule of Evidence 702.  This evidence and testimony is not based on "sufficient facts or data," and they would not "help the trier of fact to understand the evidence or determine a fact in issue."  Fed. R. Evid. 702.  The proffered evidence and testimony is also untimely, improper, irrelevant, unduly prejudicial, would only serve to waste time, and would mislead and confuse the jury, and should therefore be excluded.  Fed. R. Evid. 401, 403.

## II.  ARGUMENT

Federal Rule of Criminal Procedure 16(b)(1)(C) requires the proponent of expert evidence to provide a summary containing "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(b)(1)(C).  The notice must identify the expert's actual opinion and give a summary of the expected testimony.  United States v. Duvall, 272 F.3d 825, 828 (7th Cir. 2001).  Disclosure of both the expert's opinion and the bases for that opinion must be sufficient to allow the government to prepare for focused cross-examination of the expert without the need for a continuance after the expert has testified.  Fed. R. Crim. P. 16, advisory committee notes to 1993 amendment.

Moreover, in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), the Supreme Court, in addressing the admissibility of

---

[1] As explained in the government's motion to compel reciprocal discovery filed concurrently herewith, defendant's failure to timely comply with Rule 16 alone provides a sufficient basis to exclude his unidentified experts at this juncture.  See, e.g., United States v. Nash, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (affirming district court's exclusion of testimony of expert due to defendant's failure to provide timely discovery regarding such expert); United States v. Lieng, No. CR F 07-316-LJO, 2012 WL 1481518, at *1 (E.D. Cal. Apr. 27, 2012) (excluding testimony of defense expert that government first learned about one week before trial).

1   "scientific expert evidence," held that Fed. R. Evid. 702 imposes a
2   "gatekeeping" obligation on the trial judge to "ensure that any and
3   all scientific testimony...is not only relevant, but reliable."  Id.
4   at 589.  In discharging this "gatekeeping function" the Court should
5   determine, among other things, whether the proposed expert has
6   "appropriate qualifications" on the subject matter.  United States v.
7   Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).

8        The trial court has wide latitude to exclude expert testimony.
9   United States v. Byers, 730 F.2d 568, 571 (9th Cir. 1984).  A trial
10  court's decision to exclude expert testimony is reviewed for an
11  abuse of discretion.  United States v. Ortland, 109 F.3d 539, 544
12  (9th Cir. 1997).  Defendant, as the proponent of expert testimony,
13  has the burden of showing that it should be admitted.  United
14  States v. Hicks, 389 F.3d 514, 524 (5th Cir. 2004).

15       **A.   Defendant's Proffered Expert Testimony Will Not Help the**
16            **Trier of Fact to Understand the Evidence or Determine a**
           **Fact in Issue Under FRE 702(a)**

17       Defendant still has not disclosed any expert witnesses to the
18  government.  Based on his opposition to the government's motion to
19  continue, however, it appears that at least some of defendant's
20  proffered expert testimony would involve irrelevant topics with no
21  bearing on any element in dispute in this case.  One of the topics
22  mentioned in defendant's recent brief, for example, relates to a New
23  York Times article (which is itself inadmissible hearsay) discussing
24  a White House Proclamation regarding certain restrictions on student
25  visas.  (Dkt. 70 at 8 n.4.)  Another proposed topic apparently
26  relates to a news article (which is, again, inadmissible hearsay)
27  regarding "resistance" to purported forced military training for
28  Chinese students in 2014.  (Id. at 13.)  To date, defendant has not

explained precisely which aspects of these media reports are connected to the elements in dispute at trial (or who would offer the opinions contained therein).  Defendant also failed to describe the basis for any opinions offered by employees from the Federal Public Defender's Office about the data destruction practices of individuals in the "information technology community," or how those opinions relate to the individuals involved in this specific case, namely, potential witness Yang Zhihui or defendant — who is affiliated with a premier defense technology university overseen by the Chinese Military Commission, and who is supervised by a general in the People's Liberation Army, the military arm of the PRC and its Communist Party.

In short, because this potential expert testimony will not help the trier of fact to understand the evidence or determine a fact in issue, it should be excluded.  Fed. R. Evid. 702(a).

### B.  The Proffered Expert Opinions Are Not Based on Sufficient Facts or Data Under FRE 702(b)

A proper expert opinion must also be "based on sufficient facts or data."  Fed. R. Evid. 702(b).  In defendant's opposition to the government's continuance, he did not tether any facts or data to his previously-undisclosed experts' conclusions.  Instead, he merely referenced defense opinions extrapolated from publicly-available news articles (without identifying any expert who would actually opine on the contents of the article) and conversations with employees of the Federal Public Defender's Office.  None of these descriptions set forth the requisite facts or data on which an expert could render an opinion that meets the requirements of FRE 702.  For instance, although defendant claimed that "colleagues" at the Federal Public

Defender's office with "expertise" in computer systems and computer forensics will offer opinions about the hard drive and laptop in this case  (Opp. at 8), he did not describe the qualifications of these employees (Fed. R. Evid. 702(a)) or explain the facts or data underlying their opinions regarding "common" practices in the information technology community.

In addition, although defendant provided basic descriptions of (1) what certain media outlets have reported about purported PRC military uniforms; and (2) purported flaws with analyses of CSC codes performed by a government expert, these descriptions and articles provided by defendant appear to be based on his own lawyer's analyses, not any facts or data reviewed by an expert (within the meaning of Rule 702) or otherwise admissible testimony whatsoever. See United States v. Whitman, 555 F. App'x 98, 101-02 (2d Cir. 2014) (no error in district court's "reasonable conclusion . . . that despite his long experience on Wall Street, [the expert] did not have 'sufficient facts or data' to opine about the specific events in this case" and excluding such testimony under FRE 702).  To the extent defendant seeks to introduce these facts through as-yet undisclosed expert witness testimony, the Court should prohibit him from doing so.  See also Taylor, 2015 U.S. Dist. LEXIS 186790, at *25 (excluding expert opinion under FRE 702 because "one-sided review of the available evidence" "undermines the reliability of those opinions").

### C.   Defendant's Proffered Testimony Should Be Excluded Under Rules 401 and 403

Because the proffered evidence and expert testimony does not meet the strictures of Rule 702, it is irrelevant and should be excluded.  Fed. R. Evid. 401.  Even if it had any marginal relevance,

defendant's proffered expert testimony should be excluded under Federal Rule of Evidence 403 because it is unduly prejudicial, would only serve to waste time, and would mislead and confuse the jury. The testimony about the Trump Administration's foreign policy or U.S. media coverage of "resistance" to purported forced military training, for example, would inject bizarre and incoherent narratives into this case, which would only serve to inflame the jury.  The testimony would also waste the jury and the Court's time, as none of these topics relate to any of the elements in dispute.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court exclude all of the evidence and expert testimony identified above.