NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407/2253
     Facsimile: (213) 894-2927
     E-mail:    william.rollins@usdoj.gov
                george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GUAN LEI, <br><br> Defendant. | No. CR 20-127-MWF <br><br> GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S OMNIBUS OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE AND DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY <br><br> Hearing Date: 11/16/2020 |

Plaintiff United States of America, by and through its attorneys of record, the United States Attorney for the Central District of California and Assistant United States Attorneys William M. Rollins and George E. Pence, hereby files its Consolidated Response to Defendant's Omnibus Opposition to Government's Motions in Limine and Defendant's Opposition to Government's Motion to Compel Reciprocal Discovery.

//

This Response is based on the attached Memorandum of Points and Authorities, the case files and records in this matter and such further evidence and argument as the Court may permit.

Dated: November 13, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

/s/
_____
WILLIAM M. ROLLINS
GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant does not oppose the government's motions on their merits.  Instead, recognizing that the Court has indicated it will continue the trial date, he has agreed to serve supplemental expert disclosures and produce reciprocal discovery (CR 88) and requests that the Court set a briefing schedule for motions in limine and "defer[]" ruling on them (CR 87).  The government does not object to this approach.

The Court, however, should reject defendant's invitation to deny the government's pending motions without prejudice.  (CR 87 at 4, CR 88 at 4.)  Other than defendant's unfounded speculation that those motions may be mooted by the parties' further participation in the meet-and-confer process, he offers no basis for those motions to be denied.[1]  He has conceded that his expert disclosures and production of reciprocal discovery are, to date, deficient (CR 88) and, to the extent he has substantively addressed any of the government's motions in limine, it is to suggest that he opposes any restriction on his ability to offer evidence or argue that the FBI's investigation of defendant originated with President Trump's May 23, 2020 Proclamation

---

[1] Defendant complains that the government purportedly failed to meet and confer about certain issues raised in its pending motions, but the issues identified by defendant (CR 87-88) were raised by the government in briefing (CR 77-79) only after the parties had already conferred about a host of topics, including a continuance of the trial date in this case.  Defendant not only objected to the continuance, he then filed an opposition brief in which he detailed his apparent intent to offer an affirmative defense case (including unnoticed defense experts) 15 days before trial (CR 70).  Given that the trial will be continued, the government remains open to attempting to resolve these disputes without court intervention.  Nevertheless, defendant does not identify a single motion from the government that is unopposed. (CR 87, 88.)  The government's motions should thus remain pending so that the Court can resolve the parties' disputes before trial.

regarding visa applicants from China (CR 87).  If defendant decides not to oppose all or certain aspects of the government's pending motions, he may simply state as much in whatever substantive responses he ultimately files.  The government should not be required to refile those motions without cause, especially given defendant's insistence that his trial happen "as soon as possible" (CR 89 at 5:6).

Moreover, given the current state of the COVID-19 pandemic and defendant's previous representations that he intends to proceed with a bench trial, once the Court sets a new trial date, the Court should set a deadline by which defendant must file his written waiver of jury trial and conduct a colloquy with defendant to ensure that he intends to knowingly and intelligently waive his right to a trial by jury.  Once defendant's jury trial waiver is confirmed, the parties and the Court can further confer regarding the unique logistical and safety issues posed by conducting a bench trial in the midst of COVID-19.

In short, given that both parties appear to agree that a pretrial briefing schedule is warranted, the government respectfully requests that: (1) the parties be ordered to file a proposed pretrial briefing schedule seven days after the Court sets a new trial date;

//
//
//
//
//
//
//

and (2) the Court set a deadline by which defendant must fully execute his waiver of jury trial, so that the parties and the Court can begin the additional, unique preparations necessary for a safe bench trial during COVID-19.

Dated: November 13, 2020         Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

          /s/
_____
WILLIAM M. ROLLINS
GEORGE E. PENCE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA