NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407/2253
     Facsimile: (213) 894-2927
     E-mail:    william.rollins@usdoj.gov
                george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

HARLAND BRAUN SBN 41842
Braun & Braun LLP
Braun & Braun LLP
10250 Constellation Blvd., Suite 1020
Los Angeles, California 90067
Tel: (310) 277-4777
Fax: (310) 507-0232
email: harland@braunlaw.com
BIN LI, State Bar No. 223126
LAW OFFICES OF BIN LI, PLC
730 N. Diamond Bar Blvd.
Diamond Bar, CA 91765
Telephone: (909) 861-6880
Facsimile: (909) 861-8820
email: bli@libinlaw.com

Attorneys for Defendant
GUAN LEI

MARILYN E. BEDNARSKI, SBN 105322
Kaye, McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
E-Mail: mbednarski@kmbllaw.com

Attorneys for Material Witness
ZHIHUI YANG

//

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUAN LEI,<br>Defendant. | No. CR 20-127-MWF<br><br>NOTICE OF JOINT PROPOSAL RE: DEPOSITION OF ZHIHUI YANG |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys George E. Pence and William M. Rollins, defendant Guan Lei, by and through his attorneys of record Harland Braun and Bin Li, and material witness Zhihui Yang,

//

by and through her attorney of record Marilyn Bednarski, hereby file their Notice of Joint Proposal Re: Deposition of Zhihui Yang.

Dated: December 3, 2020          Respectfully submitted,

                                                    NICOLA T. HANNA
                                                    United States Attorney

                                                    CHRISTOPHER D. GRIGG
                                                    Assistant United States Attorney
                                                    Chief, National Security Division

                                                      /s/
                                                    GEORGE E. PENCE
                                                    WILLIAM M. ROLLINS
                                                    Assistant United States Attorneys

                                                    Attorneys for Plaintiff
                                                   UNITED STATES OF AMERICA

Dated: December 3, 2020

                                                   /s/ per e-mail authorization
                                                   HARLAND BRAUN
                                                   BIN LI

                                                   Attorneys for Defendant
                                                   GUAN LEI

Dated: December 3, 2020

                                                   /s/ per e-mail authorization
                                                   MARILYN BEDNARSKI

                                                   Attorney for Material Witness
                                                   ZHIHUI YANG

**STIPULATION RE: DEPOSITION OF ZHIHUI YANG**

The government, defendant Guan Lei (the "Defendant"), and material witness Zhihui Yang ("YANG"), by and through their counsel of record, stipulate and agree to the following, except where otherwise noted:

**I.   INTRODUCTION**

1. On October 11, 2020, YANG filed a Motion for Videotaped Deposition of Material Witness.  (CR 43.)

2. On October 19, 2020, the government filed its Opposition to the Motion.  (CR 50.)  On that same day, Defendant filed a Statement concerning the Motion.  (CR 49.)

3. On October 26, 2020, Defendant filed a Further Statement indicating that he did not oppose the Motion. (CR 59.)

4. On November 2, 2020, YANG filed a Reply in support of the Motion.  (CR 73.)

5. On November 18, 2020, the Court conducted a hearing on the Motion and took the matter under submission.  (CR 96.)

6. On November 23, 2020, the Court issued an Order granting YANG's Motion for Videotaped Deposition and directing counsel for the government, Defendant, and YANG to meet and confer by December 3, 2020 and, regardless of whether counsel for Defendant is able to meet with Defendant by that date, the parties were further ordered to file a joint proposal for a recommended date for the deposition in mid-December and to indicate whether the parties are willing to consent to a virtual deposition. (CR 101.)

7. As of November 23, 2020, the government is informed that due to an outbreak of the COVID-19 virus at the Metropolitan Detention Center ("MDC"), where defendant is now in custody, all

telephone calls, in-person visits, and video-teleconferences ("VTCs") are suspended at MDC until at least December 15, 2020. If these restrictions are extended to cover any of the proposed dates for the deposition, the government will notify the Court and counsel for both defendant and YANG.

**II. VIDEO-TELECONFERENCE**

8. Consistent with the Court's ruling,[1] the government, Defendant, and YANG agree that YANG's pre-trial deposition may occur via VTC.

9. The United States District Court telecommunications department shall host the platform for the VTC deposition of YANG and the Court's clerk will cause to be sent to counsel for the parties and for YANG email notifications with the link to the VTC bridge for the deposition in advance of the deposition. Each participating attorney must provide to the Court's clerk, upon her request, his or her email address and contact phone number for the deposition.

10. The deposition shall be audio and video recorded in its entirety, to include the pre-deposition colloquies described below at paragraphs 15 and 18. Counsel for YANG is appointed under the Criminal Justice Act ("CJA"), and advises that she expects to imminently file her request for CJA funding of the video-taped deposition, which funding request will include the VTC taking of the deposition by court reporter and videographer, the handling of exhibits, and the production of the original transcript to her for

[1] The government respectfully reserves its objections to YANG's request to be deposed before trial. The government understands, however, that at the November 18, 2020 hearing, the Court overruled those objections.

her client's review for accuracy after the deposition. However, that CJA funding request will not include the purchase cost for a copy of the transcript and video by the United States Attorney's Office or by privately retained defense counsel for Defendant. Counsel for those parties will be able to purchase copies of the transcript and video directly from the court reporting service.

**III. DATE OF DEPOSITION**

11. The parties and YANG propose that the VTC deposition occur, at the Court's convenience, on any of following dates: Friday, December 18, 2020; Thursday, January 7, 2021; or Friday, January 8, 2021.[2]

12. The government anticipates that its examination of YANG will last approximately three hours. Defendant anticipates its examination of YANG will last approximately three hours. Counsel for YANG will ask no questions.

**IV. DEFENDANT'S APPEARANCE AT THE DEPOSITION**

13. Counsel for Defendant shall speak to and advise Defendant of his rights concerning the deposition. Defendant shall, if he is so inclined and it is possible, sign a written waiver of his right to be physically present at the deposition. That waiver shall reflect that Defendant understands, under Federal Rule of Criminal Procedure 15 and the Constitution, he may have the right to be physically present at YANG's deposition, that he voluntarily agrees to waive any right to his physical presence at that deposition, and that counsel concurs in that waiver. Defense counsel shall file any

[2] Counsel for YANG contacted the Court's clerk about additional dates in December 2020 on which the parties and YANG had agreed that the deposition might occur, and learned that the Court was unavailable on those dates.

such waiver no later than 5:00 p.m. (PT) two days before the deposition is scheduled to occur.

14. The parties and YANG understand and agree that absent the timely filing of Defendant's waiver of physical appearance specified in paragraph 13, the deposition will not proceed.

15. In addition, before the deposition occurs, the Court shall conduct an on-the-record colloquy with Defendant sufficient to ensure the following: Defendant has voluntarily and intelligently agreed to waive his physical presence at YANG's deposition; the Court will accept the waiver based on a compelling need to protect health and human safety during the COVID-19 pandemic; and a VTC deposition is being conducted as a necessary alternative under the circumstances.

## V. DEFENDANT'S LIMITED WAIVER OF DISCOVERY

16. Defense counsel shall speak to and advise Defendant that the government's discovery obligations may not be completed by the time of YANG's deposition. Defendant shall, if he is so inclined and it is possible, sign a written waiver of his right to the government's completion of its discovery obligations by the time YANG is deposed. That waiver shall reflect that Defendant understands that he may have the right to additional discovery before the deposition occurs under the Federal Rules of Criminal Procedure (to include Federal Rules of Criminal Procedure 15(e)(3) and 16), federal statutes, the Constitution, Jencks v. United States, 353 U.S. 657 (1957), and Brady v. United States, 397 U.S. 742 (1970). The waiver shall further reflect that Defendant agrees to waive any right to such additional discovery before the deposition occurs and that counsel concurs in that waiver. Defense counsel shall file any such waiver no later than 5:00 p.m. (PT) two days before the deposition is

scheduled to occur.  Defendant shall make this waiver without prejudice to his entitlement to any additional discovery to which he may be entitled before, during, and after trial in this case under applicable law.

17. The parties and YANG understand and agree that absent the timely filing of Defendant's limited waiver of discovery specified in paragraph 16, the deposition will not proceed.

18. In addition, before the deposition occurs, the Court shall conduct an on-the-record colloquy with Defendant sufficient to ensure the following:  Defendant has voluntarily and intelligently agreed to proceed with the deposition subject to the waiver set forth in paragraph 16.

**VI. EXHIBITS**

19. No later than 24 hours before YANG's deposition occurs, each party shall serve the other party and YANG with the following:

    a. An exhibit list;

    b. Electronic copies copy of each exhibit that the party proposes to use during YANG's deposition.

20. No later than 24 hours before the deposition occurs, each party shall provide the Court with a 3-ring binder containing the following:

    a. An exhibit list;

    b. Copies of each exhibit that the party proposes to use during YANG's deposition.

21. Exhibits 1 through 100 shall be reserved for the government; Exhibits 101 through 200 shall be reserved for Defendant. Any physical exhibit shall be marked by the party seeking to introduce it.

22. With respect to physical exhibits, such as computers and electronic storage devices, slip-sheet identifying each physical exhibit shall be provided to the Court and to each party consistent with paragraphs 19 and 20.

23. The parties, YANG, and their counsel anticipate that YANG will be asked to identify and offer testimony concerning physical exhibits in the custody of federal law enforcement. The parties, YANG, and their counsel further desire to maintain appropriate social distance consistent with prescribed practices in light of the COVID-19 pandemic. Accordingly, the parties and YANG request that the Court authorize that YANG's deposition occur in a United States District Court courtroom or other similar space, to be identified at the Court's discretion, that, consistent with those practices, accommodates the presence of the following persons: YANG, YANG's counsel, a videographer, a transcriptionist, a Mandarin-language interpreter, Defendant's counsel (both Mr. Braun and Mr. Li), one counsel for the government, and the government's case agent.

This procedure contemplates that this Court will preside over the deposition by remote VTC. If this Court will not authorize the use of a District Courtroom, counsel for the parties and for YANG request a telephonic conference with the Court to discuss how a deposition can proceed with some participants appearing in person at a deposition held in the law firm conference room belonging to YANG's counsel and other participants appearing remotely.

**VII. TRANSLATION SERVICES**

24. The District Court will provide a Court-certified Mandarin interpreter for the witness at YANG's deposition.

**VIII. MANNER OF TAKING THE DEPOSITION**

25. The scope and manner of the deposition examination and cross-examination will be the same as would be allowed during trial under Federal Rule of Criminal Procedure 15(e), subject to the waivers detailed above.

26. The Court shall preside over the deposition, ruling on or reserving ruling on objections as it sees fit.

27. The parties understand and agree that all objections not raised at the deposition shall be deemed waived, except for objections as to relevance and foundation. Either party may seek to conditionally admit at the deposition any exhibit, subject to the other party's objection and the reservation of such objections specified in this paragraph.

**IX. THE PARTIES' POSITIONS WITH RESPECT TO THE GOVERNMENT'S PROPOSAL TO CROSS-EXAMINE YANG**

28. The Government's Position

Defendant stands accused of concealing his status as a member of the People's Liberation Army ("PLA") on his visa application when he entered the United States, lying to the FBI, and then destroying a hard drive in order to obstruct a federal investigation into the transfer of sensitive information to China's National University of Defense Technology ("NUDT").[3] (CR 1, 66.) After the parties filed their briefs regarding the Rule 15 deposition, YANG represented to the government (during a recorded interview in which she was warned that lying to federal law enforcement was a crime) that: (1) the hard

[3] NUDT was placed on the U.S. Department of Commerce's Entity List in 2015 for its role in acquiring items from the United States to develop supercomputers with nuclear explosive applications.

drive defendant is accused of destroying actually belonged to her; (2) she instructed defendant to destroy the hard drive because it contained her personal data and she was too weak to destroy it herself; (3) the hard drive was thrown in a dumpster outside the apartment because it did not "belong" in the kitchen trash; and (4) the hard drive was too "heavy" for her to bring back to China. In his brief opposing the government's request for a continuance, defendant repeatedly characterized YANG's statements during her law enforcement interview as "exculpatory evidence." (CR 70 at 6-7.) YANG is defendant's fiancé, and she claims to be fluent in Mandarin, but not English.

Under these circumstances, the Court should permit the government to ask leading questions of YANG during her deposition. See Fed. R. Evid. 611(c)(2) (permitting leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party"); United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984); (allowing government to lead its own witness, defendant's girlfriend, who was "[c]learly . . a person 'identified with an adverse party'"); United States v. Brown, 603 F.2d 1022, 1026 (1st Cir. 1979) (prosecutor entitled to lead on direct where witness and defendant "were close friends" and witness "was both evasive and adverse to the government"); see also United States v. Manlove, 755 Fed. Appx. 630, 633 (9th Cir. 2018) (explaining that the "recognized exceptions to the general prohibition on leading questions" include when "witnesses are non-native English speakers, or are hesitant") (Christen, J. concurring) (citing 1 McCormick on Evidence § 6 (7th ed. 2016)).

The government disagrees with the arguments Defendant has set forth below under the headings "No classified information" and "Defendant is not Chinese military." In any event, those arguments are irrelevant to the sole disputed issue before the Court: whether the government should be entitled to ask the witness leading questions.

29. Defendant's Position

(a) No classified information.

The Government has conceded in email correspondence that "**Mr. Guan is not charged with accessing confidential or classified information.**" Further, "**The government is presently unaware of any confidential or classified information to which Mr. Guan had access.**" Yet the government still maintains that this case is about obstruction of a federal investigation into the transfer of sensitive information to China's National University of Defense Technology.

This case has devolved into a matter that belongs before the an Immigration Court of the Executive Office for Immigration Review where, if the government could prove that Defendant lied on a visa application – and it cannot -- the likely punishment would be deportation and ban on further Visas. The Classified Information Procedures Act request is nothing more than argument by innuendo.

(b) Defendant is not Chinese military.

Defendant denies being, or having been, a member of the Chinese military. The government's assertion to the contrary is grounded in erroneous assumptions about universities in China where every student receives some kind of military training but is not therefore in the Peoples Liberation Army. This in turn is aggravated by faulty

interpretation of statistical evidence which will be demonstrated at trial by elemental Bayesian analysis.

Defendant arrived in the United States for post-graduate work at the University of California at Los Angeles in 2018 to study Computational Optimization. This was three years after the NUDT was placed on the Entity List. Then on May 29, 2020, President Trump issued Proclamation 10043, Proclamation on the Suspension of Entry as Nonimmigrants of Certain Students and Researchers from the People's Republic of China on national security grounds.

But Defendant's studies involved no access to sensitive information which the government has already admitted by the government, and which will be attested to by defendant's academic records and supervising professor in more detail. What he learned at UCLA was obtained in the normal course of post-graduate education which the government gave its tacit assent to by issuance of the J Visa years after NUDT was blacklisted.

The government is using Proclamation 10043 as a convenient basis for prosecution of Defendant under what is in effect an ex post facto law.

The government did not revoke Defendant's J Visa under Proclamation 10043 as it did for many other students. Defendant finished his course of studies and his J Visa accordingly expired. Having no right to remain in the United States without a valid visa, Defendant was required by law to return to China. Guan and his fiancé had made wedding plans on their return. The U.S. Attorney proclaims Defendant's booking a flight to leave the country as "fleeing," using this histrionic and innuendo-heavy word to imply Defendant's knowledge of guilt and an attempt to escape justice. But

the government is wrong. The United States Citizenship and Immigration Services describes departing after a visa expires as "not overstaying" or "not having an unlawful presence" that is both illegal and could lead to deportation and a bar from returning to the United States under Immigration and Nationality Act § 222(g).

Defendant has no objections to YANG's statements made in the recorded statement referred to in the government's position, except to add that the hard drive was an external hard drive.

(c) Leading questions.

Defendant objects to the government's request to use leading questions. Federal Rules of Evidence, Rule 611(c)(2) states an exception to the preference against leading questions on direct examination. In United States v. Brown, cited by the government, the court allowed leading questions only after finding that:

> " … a witness whose apparent lapses of memory, failure to understand what he had said or written on prior occasions, as well as the questions asked and his general air of confusion, made his testimony prolix and difficult to comprehend."

Moreover, the court found that the witness was "both evasive and adverse to the government," Brown, 603 F.2d at 1025. YANG has not been shown to be evasive nor is she adverse to the government's position as she is a witness, not a party.

The government's citation to United States v. Manlove is inapposite. The issue before that court was defendant's waiver of objections to leading questions after the prosecutor disclosed an intention to call a co-conspirator to testify as a hostile witness. YANG is not a co-conspirator and Defendant herein is not waiving any

objections. The Manlove court did not make a determination that the witness was hostile.

Defendant takes the position that the government should not be allowed leading questions until it has made a proper showing under Rule 611(c)(2), which, at this time, it has not.

If, however, if this Court allows the government to ask leading questions on direct examination, Defendant requests the same right.

30. YANG's Position

YANG takes no position regarding which if any party can ask leading questions.

**IT IS SO STIPULATED.**

Dated: December 3, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

/s/

GEORGE E. PENCE
WILLIAM M. ROLLINS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: December 3, 2020

/s/ per e-mail authorization

HARLAND BRAUN
BIN LI

Attorneys for Defendant
GUAN LEI

//

Dated: December 3, 2020

/s/ per e-mail authorization

MARILYN BEDNARSKI

Attorney for Material Witness
ZHIHUI YANG