UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  **SACR 20-127 MWF**                                      Date: January 04, 2021

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter   Not Applicable

| Rita Sanchez | Not Reported | George E. Pence |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Guan Lei | Not | XX | | Harland Braun and Bin Li | Not | | XX |

**Proceedings:   (IN CHAMBERS) ORDER RE JOINT PROPOSAL RE: DEPOSITION OF ZHIHUI YANG**

On November 23, 2020, the Court issued an Order Granting Zhihui Yang's Motion for Videotaped Deposition of Material Witness (the "Order"). (Docket No. 101). The Court ordered counsel for the parties and Ms. Yang to meet and confer, and file a joint proposal for the Court's consideration. On December 3, 2020, the parties filed a Joint Proposal Re: Deposition of Zhihui Yang (the "Joint Proposal"). (Docket No. 104). On December 11, 2020, the government filed a Notice of Intent to Seek Rule 26.2(a) Material From Defendant and to Object to Improper Questioning at the Deposition of Zhihui Yang. (Docket No. 109). On December 21, 2020, Defendant filed a response titled "Defendant's Combined Response; Government's Discovery Request; Request for Release of Guan Lei" (Docket No. 110), but would more accurately have been titled, "Mr. Braun's Screed, or An Embarrassment."

The request for Mr. Guan's release is of course DENIED, as it is both procedurally improper and substantively unsupported. If Defendant seeks review of his detention, then Pretrial Services should be contacted and the request made pursuant to the Local Rules. If Defendant believes that new evidence or changed circumstances are the basis for his release, then the motion should be addressed to the Magistrate Judge.

The entire premise of the deposition is that Defendant is preserving the testimony of his fiancée, a defense witness, so she can go home. The government correctly explains that Ms. Yang is not a government witness. Therefore, the government has the undoubted right to use leading questions in questioning her. The Court presumed that Defendant would examine her first, and then the government would cross-examine her. In any event, leading questions of Defendant's fiancée would be appropriate. The Court will cover the costs of the interpreter services for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

defendant, however, it will be government's responsibility to cover the cost of the interpreting services for the material witness.

Because the material witness is a defense witness, Defendant must produce before the deposition any reciprocal discovery that it has in regard to Ms. Yang. This obligation includes exhibits that will be used with her and any reverse-*Jencks* statements.

It is the intention of the Court that the deposition be conducted as trial testimony. It is not a discovery device for either side. Certainly the Court will sustain any objection to questions that promote a theory of jury nullification or inquire about matters outside of the percipient knowledge of Ms. Yang.

IT IS SO ORDERED.