MARILYN E. BEDNARSKI, SBN 105322
McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
E-Mail: mbednarski@mbllegal.com

Attorneys for Material Witness
ZHIHUI YANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GUAN LEI,<br><br>　　　　　Defendant. | CASE NO. CR 8:20-CR-00127-MWF<br><br>ZHIHUI YANG'S MOTION FOR RELEASE FROM DESIGNATION AS MATERIAL WITNESS; FOR RELEASE FROM BOND ASSOCIATED WITH THAT DESIGNATION; AND FOR RETURN OF PASSPORT; DECLARATION OF COUNSEL; EXHIBITS 1 TO 3; [PROPOSED ORDER NO. 1 AND PROPOSED ORDER NO. 2]<br><br>HEARING: To Be Set |

　　　Material witness ZhiHui Yang, by and through counsel of record Marilyn E. Bednarski files her Motion for release from designation as material witness; for release from bond associated with that designation; and for return of her passport. The undersigned requests that this Motion be heard or decided on shortened time as set forth in the concurrently filed *ex parte* application for filing and hearing of

Motion on shortened time. This Motion is based upon the attached memorandum of points and authorities, Declaration of Counsel, and all files and records in this case. The two proposed orders encompassing the relief sought are concurrently filed. The first proposed order is to the clerk regarding de-designation and exoneration of bond. The second is to the United States Attorney's office regarding return of Ms. Yang's passport

                Respectfully submitted,

                McLANE, BEDNARSKI & LITT, LLP

DATED: February 1, 2021    By   /S/ by Marilyn E. Bednarski
                                MARILYN E. BEDNARSKI
                                Attorney for ZhiHui Yang, Material Witness

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF MOTION

Ms. Yang should now be released from her designation and from her bond, and her passport returned so that she may return home and resume her life in China. Her testimony has now "been adequately secured by deposition," and "further detention is not necessary to prevent a failure of justice." Thus, Title 18 U.S.C. §1344 dictates that the relief requested herein be granted allowing Ms. Yang to return home to China to resume her life.

## II.

## PROCEDURAL BACKGROUND

At the request of the Government, the Court designated ZhiHui Yang as a material witness in this case. Dkt. 8. On October 16, 2020, after spending 46 days in jail, Ms. Yang was released on bond to home confinement with electronic monitoring and other restrictive conditions. Dkt. 54. On November 23, 2020, the Court granted Ms. Yang's Motion for Videotaped Deposition of Material Witness, noting that "Ms. Yang will continue to suffer extreme hardship in her personal and professional life if she is required to stay in a motel room until trial." Dkt. 101 at 5. She is alone in this country, with no family and no ability to work or attend school. Dkt 101, p. 1. Her matriculation, obtaining her PhD and starting her career is already delayed 6 months by her detention in this case and is at risk of being delayed another 6 months if she does not return home in time to start the February semester. Attached, Exhibit 3, PhD Advisor Letter.

On December 14, 2020, the Court ordered that Ms. Yang's deposition take place on January 7, 2021. Dkt. 110. The deposition began that day and resumed and concluded on a second day January 22, 2021. Bednarski Decl. at ¶5. A federal court interpreter read both volumes of the deposition to Ms. Yang in the Mandarin

language (Bednarski Decl. at ¶7; Attached, Exhibit 1, Interpreter Read Certificates for Deposition Days 1 & 2); Ms. Yang has identified a small number of errors she found in the deposition and identified those with specificity on an errata sheet for each of the two days (Attached Exhibit 2, Errata for Deposition Days 1 & 2).

## III.
## THE LAW AND JUSTICE COMPELS HER RELEASE FROM DESIGNATION AND FROM BOND

As Ms. Yang noted in her Motion for Deposition of Material Witness (Dkt. 43), the law on this matter is settled: "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." 18 U.S.C. § 3144.  "Absent a 'failure of justice,' the witness must be released." (Order Granting Zhihui Yang's Motion for Videotaped Deposition of Material Witness, Dkt. 101 at 3) (*quoting Torres-Ruiz v. U.S. Dist. Court for S. Dist. of California*, 120 F.3d 933, 935 (9th Cir. 1997)).

Only the government opposes this Motion.[1] Prior to making this Motion the undersigned sought but could not obtain agreement from the government to releasing Ms. Yang. Declaration of Bednarski at ¶4. When asked why, government counsel referenced its previous written Opposition to the Motion for deposition and added: the strong preference for live testimony; the uncertainty whether the deposition in whole or part would be admitted as trial testimony; their lack of knowledge of what other witnesses the defense may call at trial; and lack of knowledge therefore of what the government would want to do in its rebuttal case. Bednarski Decl. at ¶4.

---

[1]  Mr. Lei's counsel have advised the undersigned that they do not oppose this Motion. Bednarski Decl. at ¶3.

2

### A. The Deposition Taken Preserves Ms. Yang's Testimony for Defendant Lei's Trial

This deposition was recorded by a professional videographer and court reporter and presided over by the Court. Weeks prior to the deposition, the Court advised the parties that they should treat the deposition as a trial deposition, that the Court would preside and rule on evidentiary objections. Dkt 101, p. 5. Title 18 § 3144 contemplates the circumstances here, where a deposition can adequately preserve trial testimony. The procedures employed here exceeded a mere reported deposition, as the Court ordered that exhibits be exchanged in advance, granted the government its request to cross examine Ms. Yang as an adverse witness, allowed each party three hours of examination and presided over the entire deposition. The government was not restrained in its examination by the scope of the direct examination; indeed, no objection to the scope of the cross-examination was made.

While the government expresses a preference for live trial testimony, decades of caselaw in this Circuit have reaffirmed that videotaped depositions are a wholly sound substitute. *See United States v. Soto-Mendoza*, 641 F. App'x 691, 694 (9th Cir. 2016) (upholding district court's admission of videotaped depositions after determining foreign witnesses must be released because lack of live trial testimony does not result in "failure of justice"); *United States v. Butler*, 116 F. App'x 877, 878 (9th Cir. 2004) (affirming court's grant of motion for Rule 15 videotaped deposition); *United States v. Medjuck*, 156 F.3d 916, 921 (9th Cir. 1998) (upholding admission of videotaped testimony, as cross-examination was permitted); *United States v. Sines*, 761 F.2d 1434, 1440–42 (9th Cir. 1985) (observing that use of videotaped deposition was entirely proper and did not violate the confrontation clause); *United States v. King*, 552 F.2d 833, 841 (9th Cir. 1976) ("It is true that a photographic or electronic presentation is not a perfect substitute for live testimony on the witness stand. But confrontation does not

3

require perfect presentation and availability of demeanor evidence to the trier of fact; the loss of some demeanor evidence that would have been relevant to resolving questions of credibility does not violate confrontation rights.") Notably, videotaped trial testimony is acceptable even when—unlike in this case—a judge was not present for the deposition. *Torres-Ruiz v. U.S. Dist. Court for S. Dist. of California*, 120 F.3d 933, 936 (9th Cir. 1997) ("This court has previously held admissible in criminal trials videotaped depositions at which no judicial officer was present.").

In short, "[i]t is untenable for the Government to argue that Petitioner should be forced to remain in California until trial simply because live testimony is 'preferred.'" *In re Material Witness Summons in re Motor Tanker Zao Galaxy*, No. 19-XR-90626-KAW-1, 2019 WL 4221727, at *4 (N.D. Cal. Sept. 5, 2019). The government may prefer live trial testimony, but preferences do not equate to legal rights, and having them go unsatisfied does not create a defect in a constitutionally permitted procedure.

### B. There Would be No Failure of Justice in Releasing Ms. Yang to Go Home and the Government's Speculative Arguments Do Not Justify Her Continued Detention

The government offers two slightly different but entirely unfounded arguments to justify Ms. Yang's continued detention: a) it is unclear what portions of the deposition might be introduced at trial; and b) it is unclear whether "other defense witnesses (if any) might require the government to call Ms. Yang in a rebuttal case." Both are unpersuasive.

#### 1. The Government Should Be Prepared for Any Deposition Testimony Admitted at Trial

The government's concern that it is unclear which portions of the deposition will be offered at trial is curious. The Court advised the parties weeks before the deposition that they should treat it as a trial deposition, that they should make their

4

1  objections, and the Court would rule on those objections during the deposition.
2  Some exhibits were admitted conditionally as this witness could not lay complete
3  foundations for some, and another witness is required (e.g., searching agents,
4  participants in an email dialogue, or persons with personal knowledge of contents
5  of communications etc.).

6      The government's concern that it is unclear if any part of the deposition will
7  not be admitted, is unfounded given that it had the opportunity to cross-examine
8  Ms. Yang after Mr. Lei's direct examination and benefitted from a two-week
9  hiatus to prepare for the bulk of the cross-examination—an opportunity most trial
10 attorneys would covet. Bednarski Decl. at ¶5.

11     Furthermore, the government had months to prepare for her examination.
12 The government arrested her and sought her designation as a material witness
13 August 31, 2021.  The government interviewed Ms. Yang for approximately four
14 hours in a recorded interview on October 23, 2020 and prepared a transcript of that
15 interview weeks before the deposition. Bednarski Decl. at ¶6. In the numerous
16 pleadings filed by the parties prior to the deposition the government and defense in
17 depth discussed the issues in the case. Decl. at ¶6. The parties traded exhibits in the
18 days prior to the deposition. Decl. at ¶6. The Court invited both parties to address
19 the court at the beginning of the Deposition on January 7, 2021, and neither said
20 they were not ready to proceed.  Decl. at ¶6.

21     *In re Material Witness Summons in re Motor Tanker Zao Galaxy*, No. 19-
22 XR-90626-KAW-1, 2019 WL 4221727 (N.D. Cal. Sept. 5, 2019), is instructive.
23 There, the government objected to the release of a material witness because it was
24 unclear if a deposition would be "adequate" for use at trial, as it was taken at an
25 early stage of the case.  In fact, at the time of the contemplated deposition, it was
26 unclear what charges would even be filed.  *Id.* at *5.  But the court reasoned that
27 the government was "aware of the facts that underlie the investigation, even if the
28

5

exact charges are not certain at this time," and was accordingly "well aware of the potential array of charges that may be brought. . .. Thus, while the exact charges in this case are unknown, as discussed above, this does not preclude an effective deposition." *Id*. The court therefore ordered the witness's release.

Here, the case is far more advanced, and should the government be unprepared for any portion of Ms. Yang's testimony, it has nowhere to look but the mirror. Equipped with extensive knowledge of the underlying factual issues and as noted above, benefitting from weeks to prepare to cross-examine Ms. Yang and enjoying a two-week hiatus between direct and cross examination, it is difficult to conceive how the government would be unprepared for any portion of the deposition that would be offered at trial.

**2. The Government Fails to Identify "What [Circumstances] (If Any) Might Require the Government to Call Ms. Yang In A Rebuttal Case"**

Even more speculative is the contention that Ms. Yang should not be released because the government does not know "what other defense witnesses (if any) might require the government to call Ms. Yang in a rebuttal case." Declaration of Bednarski at ¶4. This argument is not only abstract, it would also never permit the release of any material witness—and it has been accordingly rejected by courts. *See, e.g., In re Mercator Lines Ltd. (Singapore) Pte. Ltd.,* No. CRIM. 11-MJ-00203-N, 2011 WL 10637454, at *8 (S.D. Ala. Oct. 25, 2011) (*citing In re: GRAND JURY PROCEEDINGS, Re: Investigation of Blow Wind Shipping, S.A., et al.*, No. 10–mj–57–P–JAR, at 3-4 (D. Me. April 16, 2010) ("This contention, carried to its logical extreme, would permit the government to prevent foreign nationals from leaving this country indefinitely, particularly as the government also contended . . . that the warrants may not be discharged . . .until at least the end of trial.").

As noted above, videotaped testimony—and the release of material witnesses—is proper even when it concerns charges not yet brought.  *See, e.g., United States v. Calderon-Lopez*, 268 F. App'x 279, 290 (5th Cir. 2008) (determining use of videotaped deposition testimony was proper when defendant was apprised on day of deposition that superseding indictment might include additional charges).  The government's effort to ignore this authority—while opposing Ms. Yang's release—on the off chance it may want to rebut witnesses the defense might call runs counter to both caselaw and common sense.  *See, e.g., In re Zak*, No. 2:17-MC-00192-JHR, 2019 WL 2162140, at *7 (D. Me. May 17, 2019) (determining that there is no "compelling reason why a Rule 15 deposition would not permit the admission of the testimony of the material witnesses at trial, affording them the opportunity to return to their home countries rather than continuing to be detained in hotel rooms . . . possibly for months, pending trial").

The government can construe hypothetical after hypothetical to oppose Ms. Yang's release, but it cannot "demonstrate that release in this case would be a 'failure of justice'. . . . At best, the reasons proposed for further detention are speculative."  *United States v. Aramburo-Lizarraga*, No. CR08-263-PHX-SMM, 2008 WL 2026250, at *2 (D. Ariz. May 9, 2008) (quoting Torres-Ruiz, 120 F.3d at 933).  The court should release Ms. Yang so that she may return to her home, her studies, and her family.  18 U.S.C. § 3144.

**3. Her Release and Exoneration of Bond Can Be Granted Now, and Decisions Made Later Concerning Whether the Deposition Or Any Portion Thereof Will Be Admitted.**

As with any trial deposition, the defense and prosecution may move at some point prior to Defendant Lei's trial for some or all of the deposition to be admitted, but the admissibility of the deposition need not be decided before her release and return home.  *Torres-Ruiz*, 120 F. 3d at 935 (court can order depositions under

§3144 and Rule 15 to allow alien witnesses to be released and sent home); *United States v. Mann*, 590 F.2d 361, 366 (1st Cir. 1978)(proper to take deposition of foreign alien witness and leave decision of admissibility to trial); *United States v. Drogoul*, 1 F.3d 1546, 1555 (11th Cir. 1993)(reversing trial court's denial of depositions of foreign nationals finding that admissibility determinations would be made at trial when the court would be in a superior position to analyze the deposition transcript and audio); *United States v. Vo*, 53 F. Supp. 3d 77, 81 (D.D.C., July 1, 2014)(court found taking deposition under Rule 15(a) appropriate, and stated "the Court need not rule until trial that any portion of her deposition is actually admissible at trial.").

Finally, hypothetical concerns about the admissibility of all or part of the deposition cannot overcome the mandate of the Ninth Circuit that this court should release a material witnesses whose testimony has been preserved in an adequate deposition, even if the witness will return to a foreign country, absent a showing of "failure of justice." *Torres-Ruiz*, 120 F. 3d at 935. Again, no such showing has been made by any party.

## IV.
## CONCLUSION

For these reasons, Ms. Yang asks this Court to grant two proposed Orders as early in February as possible to allow Ms. Yang's return home. The first Order is to the Clerk of the Court:

1. Releasing Ms. Yang from the designation as material witness; and,
2. Exonerating the bond imposed.

The second proposed Order is to the United States Attorney's Office and or its authorized representative to return Ms. Yang's passport to her counsel Marilyn

/ /

E. Bednarski within 24 hours of the Order releasing her from designation and exonerating her bond.

Respectfully submitted,	McLANE, BEDNARSKI & LITT, LLP

DATED: February 1, 2021	By  /S/ by Marilyn E. Bednarski
	MARILYN E. BEDNARSKI
	Attorney for ZhiHui Yang, Material Witness

DECLARATION OF MARILYN E. BEDNARSKI

I, Marilyn E. Bednarski declare and state as follows:

1. I am counsel of record for material witness ZhiZhi Yang in the case of *United States v. Guan Lei,* CR 20-126-MFW, which was originally filed under case number 20-MJ-4071.

2. I was appointed as her counsel on August 31, 2020 at her first appearance in this case in magistrate's court. The night before she was arrested on the material witness warrant.

3. Mr. Lei's counsel advised me that they do not oppose this Motion.

4. Prior to making this Motion the undersigned sought but could not obtain agreement from the government to releasing Ms. Yang. I asked AUSA Pence if there was some other reason other than that the government opposed the original motion for deposition. AUSA Pence responded in summary that the government's reasons included those in the original Opposition and added these arguments: the strong preference for live testimony in criminal trials; the uncertainty whether the deposition in whole or part would be admitted as trial testimony; the government's lack of knowledge of what other witnesses the defense may call at trial; and, in response to the defense presented, what the government may decide to do in its rebuttal case.

5. Counsel for Guan Lei completed his direct examination of witness Yang on January 7, 2021 and while the government commenced its first hour of cross examination, the deposition was halted due to time constraints and resumed two weeks later on January 22, 2021 with the government having at least another two hours of cross examination of Ms. Yang. The deposition concluded that day.

6. The government arrested her and sought her designation as a material witness August 31, 2021. The government interviewed Ms. Yang for approximately four hours in a recorded interview on October 23, 2020. The

1

government prepared a transcript of that interview weeks before the deposition. The defense also interviewed Ms. Yang for hours. In the numerous pleadings filed by the parties prior to the deposition the government and defense discussed in depth the issues in the case. The parties traded exhibits in the days prior to the deposition. I attended the Deposition in its entirety and have reviewed the transcripts, and know that this Court invited both parties to address the Court at the beginning of the Deposition on January 7, 2021, and neither said they were not ready to proceed. The government was not constrained in its cross examination by the scope of direct examination and no "beyond the scope" objection was made.

7.  Yanyan Cynthia Liu, an interpreter on the Central District's Mandarin interpreter list has read both volumes of the deposition to Ms. Yang in the Mandarin language (Attached Exhibit 1, Certificates of Reading). Exhibit 1 to this Motion is a true and correct copy of those Certificates. Ms. Yang identified a small number of errors she found in the deposition and identified those with specificity on an errata sheet for each of the two days (Attached Exhibit 2, Errata Statements for 1.7.21 and 1.22.21). Exhibit 2 to this Motion is a true and correct copy of those Errata Statements.

8.  I am aware that after Ms. Yang's arrest on the material witness warrant, the Federal Bureau of Investigation agents took possession of her personal property including her passport. While the Los Angeles case agents returned some of her personal property to me in October 2020, the passport was not returned and I believe it is still in F.B.I. custody. When I asked AUSAs Rollins and Pence to give it to me, they said not until after Ms. Yang is ordered released.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge. Executed this 1st day of February 2021 at Pasadena, California.

By___/S/ by Marilyn E. Bednarski_____
Marilyn E. Bednarski