TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407/2253
    Facsimile: (213) 894-2927
    E-mail:     william.rollins@usdoj.gov
                george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>GUAN LEI,<br><br>       Defendant. | No. CR 20-127(B)-MWF<br><br>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**TRIAL DATE: 8/31/2021** |

Having considered the United States of America's Ex Parte Application for Speedy Trial Act Findings of Excludable Delay, as well as the Central District of California's General Orders, the Chief Judge's Orders, and the Amended Expiration of Continuity of Operations Plan Notice, the Court hereby FINDS AS FOLLOWS:

    1.   The original Indictment in this case was filed on September 10, 2020.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 28, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161,

originally required that the trial begin on or before November 19, 2020. On September 25, 2020, the Court set a trial date of November 17, 2020. Following the government's subsequent ex parte applications, based in part on the COVID-19 pandemic's impact on the Central District of California, this Court continued defendant's trial from November 17, 2020 to June 22, 2021. (CR 92, 149, 183.).

2. At the May 12, 2021 status conference, the Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived his right to be brought to trial earlier than August 31, 2021.

3. Defendant is released on bond pending trial. The government estimates that the trial in this matter will last approximately 5 days.

4. Defendant is charged with violations of 18 U.S.C. § 1546(a) (Visa Fraud), 18 U.S.C. § 1001(a)(2) (False Statements), and 18 U.S.C. § 1519 (Destruction and Alternation of Records in a Federal Investigation). The government has produced discovery to the defense, including more than 35,000 pages of Bates-labeled documents.

5. In March 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

6. The suspension of jury trials was one of the many health and safety restrictions adopted in response to COVID-19. During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use

1  of video-teleconference and telephonic hearings.  See, e.g., C.D.
2  Cal. General Order No. 20-03 (Mar. 13, 2020); C.D. Cal. Order of the
3  Chief Judge No. 20-042 (Mar. 19, 2020); C.D. Cal. Order of the Chief
4  Judge No. 20-043 (Mar. 29, 2020); C.D. Cal. Order of the Chief Judge
5  No. 20-044 (Mar. 31, 2020); C.D. Cal. General Order No. 20-08 (May
6  28, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D.
7  Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal.
8  Order of the Chief Judge No. 21-002 (Jan. 6, 2021); C.D. Cal. Order
9  of the Chief Judge No. 21-031 (Mar. 16, 2021); C.D. Cal. General
10 Order No. 21-03 (Mar. 19, 2021).

11       7.   The Court's orders were based on the California Governor's
12 declaration of a public-health emergency in response to COVID-19 and
13 the Centers for Disease Control's guidance to reduce exposure to the
14 virus and slow its spread.  See, e.g., General Order 20-02, at 1;
15 Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1.  Local
16 conditions necessitated an especially robust response.  California
17 has reported over 3.6 million COVID-19 cases and approximately
18 62,000 deaths.  See https://covid19.ca.gov/state-dashboard/.  The
19 Central District of California has been one of the hardest hit areas
20 in the nation, with over 2 million reported cases and approximately
21 40,000 deaths.  See https://www.nytimes.com/interactive/2021/us/
22 california-covid-cases.html.  State and local orders at various
23 times during the pandemic have required residents to stay home,
24 prohibited travel, closed businesses, and suspended in-person
25 schooling.  See, e.g., California Executive Order N-33-20 (Mar. 19,
26 2020); Safer at Home, Public Order Under City of Los Angeles
27 Emergency Authority (Mar. 19, 2020); California Regional Stay at
28 Home Order 12/03/2020 (Dec. 3, 2020); Blueprint for a Safer Economy,

https://covid19.ca.gov/safer-economy/. At the height of the pandemic, ICU availability in the Central District of California dropped to 0.0%. Chief Judge Order 21-002, at 1.

8. Given these facts, the Central District suspended jury trials to protect public health, reduce the size of public gatherings, and avoid unnecessary travel. See General Order 20-09, at 1. Now, based on improving conditions and data trends documented in accordance with California's Blueprint for a Safer Economy, the Central District has entered the final phase (Phase 3) of its phased reopening plan. In the Southern Division, jury trials resumed on May 10, 2021. C.D. Cal. General Order No. 21-07, at 3 ¶ 3(a) (Apr. 15, 2021). In the Western and Eastern Divisions, jury trials will resume on June 7, 2021. See id., at 3 ¶ 3(b).

9. The resumption of jury trials, however, will necessitate rigorous safety protocols "to protect the health and safety of all trial participants." Id. at 2-3 ¶ 4. The Central District has developed and announced detailed measures covering a range of subjects, including courtroom ventilation and cleaning, masks and face shields, physical distancing, venireperson seating, courtroom layout options, sidebar proceedings, and juror deliberations. https://www.cacd.uscourts.gov/sites/default/files/documents/Conducting%20Jury%20Trials%20During%20the%20COVID-19%20Pandemic.pdf. Implementation of those protocols to protect health and safety will limit the number of jury trials that can be conducted simultaneously. General Order 21-07, at 2-3 ¶ 4.

10. Given the grave public-health concerns, the need to limit the number of jury trials that can occur simultaneously in order to maintain social distancing and protect all trial participants, and

the facts set forth in the government's Ex Parte Application (which the Court incorporates fully by reference), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial. The Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date to August 31, 2021, and waived his right to be brought to trial earlier than August 31, 2021. Moreover, failure to grant a continuance would put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at unnecessary risk and would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury.

11. Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the government or the defense, or failure on the part of counsel for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from June 22, 2021 to August 31, 2021.

2. The time period of June 22, 2021 to August 31, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

3. Defendant shall appear in Courtroom 5A of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on August 31, 2021 at 8:30 a.m.

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

June 7, 2021
DATE

HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
GEORGE E. PENCE
Assistant United States Attorney

6