TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
GEORGE E. PENCE (Cal Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7407/2253
     Facsimile: (213) 894-2927
     E-mail:    william.rollins@usdoj.gov
                george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-127(B)-MWF |
| Plaintiff, | <u>GOVERNMENT'S MOTION TO PRECLUDE DEFENSE EXPERTS</u> |
| v. | Hearing Date: 7/19/2021 |
| GUAN LEI, | Hearing Time: 1:30 p.m. |
| Defendant. | Location:     Courtroom of the Hon. MICHAEL W. FITZGERALD |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys George E. Pence and William M. Rollins, hereby files its Motion to Preclude Defense Experts.

//

This Motion is based upon the attached memorandum of points and authorities and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 28, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

        /s/
GEORGE E. PENCE
WILLIAM M. ROLLINS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This Court has <u>twice</u> granted government motions to compel reciprocal discovery, including expert witness disclosures, each time setting a deadline for the defense to make those disclosures. Defendant, however, has ignored those deadlines and failed to comply with his reciprocal discovery obligations. This Court should therefore bar defendant from presenting any expert testimony at trial.

Defendant's approach to discovery appears calculated to obstruct and delay the efficient administration of justice. Defense counsel's communications with the government concerning discovery do <u>not</u> contain the information defendant is required to provide; do <u>not</u> cite any legal authority purportedly justifying this deficiency; and do <u>not</u> seek to excuse defendant's non-compliance with the Court's discovery orders based on logistical problems or some similar factor. Instead, defense counsel's communications with the government contain the *ipse dixit*, political bluster, and meritless, *ad hominem* attacks on the prosecution team that have been his trademark throughout this case. Enough is enough. With only weeks remaining before trial, exclusion of defendant's experts is the appropriate sanction, especially considering defendant's persistent disregard for the Court's orders. Such a ruling would ensure the Court can fulfill its gate-keeping function with respect to the admission of evidence at trial.

**II.   FACTUAL BACKGROUND**

On November 3, 2020, the government filed a Motion to Compel Reciprocal Discovery, to include defendant's expert disclosures.

(CR 77.)  After trial was continued in this case, on February 12, 2021, the government filed a Renewed and Supplemental Motion for Reciprocal Discovery, again requesting that the Court order defendant to disclose the experts he intends to call at trial. (CR 142.)  On March 8, 2021, the Court granted this motion, requiring defendant to comply with his Federal Rule of Criminal Procedure 16 obligations and make his expert disclosures by April 4, 2021, or one month in advance of trial.  (CR 160.)

On May 7, 2021, after trial was again continued, the government filed a Second Renewed and Supplemental Motion to Compel Reciprocal Discovery.  (CR 195.)  In that motion, the government observed that defendant had failed to comply with his reciprocal discovery obligations as required by the Court's March 8, 2021 Order. Specifically, defendant had failed to produce any documents or objects or reports of examinations or tests, failed to identify any of his proposed trial witnesses as purported experts, failed to state the bases for any such expert testimony, and failed to provide a written summary of such testimony.

On June 7, 2021, the Court ordered the government "to disclose to the defense, in writing, prior to June 21, 2021, the experts that it in good faith intends to call at trial."  (CR 208.)  The Court further ordered the defense, in response to the government's disclosures, "to disclose to the government, in writing, on or before June 21, 2021, its reciprocal expert discovery."  (Id.)

As required by the Court's Order, on June 14, 2021, the government sent defense counsel Harland Braun a letter identifying the expert witnesses it intends to call at trial – all of whom had been previously disclosed to the defense.  See **Exhibit A**.  Among

2

those expert witnesses is a language analyst at the Federal Bureau of Investigation ("FBI"), who the government anticipates will testify to the accuracy of translations of defendant's statements and certain Mandarin-language documents. In its letter, the government further requested that defendant identify the parts of the analyst's translations that he disputes.

On June 21, 2021, Mr. Braun responded to the government's letter via email. See **Exhibit B**. The first sentence of Mr. Braun's email indicates that defendant intends only to call percipient witnesses at trial. The third sentence, however, indicates that defendant will not identify any expert witness he intends to call at trial, on the grounds that the government has not already designated its expert witnesses, notwithstanding multiple letters the government sent to defense counsel wherein the government did, in fact, designate the expert witnesses it intends to call at trial. In that same email, Mr. Braun demanded that the government retain a court certified translator to translate defendant's statements, claiming without reference to any authority, that the law requires as much.

The following day, Mr. Braun sent the government another email, this one claiming that based on some unspecified "new computer analysis" of the government's evidence, defendant believes he "can prove beyond a reasonable doubt" that the FBI case agent assigned to this case "may be subject to a federal perjury prosecution," and further recommending that the case agent retain legal counsel. See **Exhibit C**. Mr. Braun did not provide any details substantiating this perjury claim, because there are none.

On June 23, 2021, the government requested that Mr. Braun clarify defendant's position with respect to the experts defendant

3

might call at trial, noting that it appeared, based on Mr. Braun's June 22, 2021 email, that defendant at least intended to call some sort of computer expert.  See **Exhibit B**.  The government also repeated its request that defendant identify the disputed translations of defendant's statements, citing caselaw supporting that request.

In response, on June 24, 2021, Mr. Braun wrote to the government: "We reviewed the case you cited to us.  Are you kidding?  Don't you have a better case?  You both should be embarrassed." See **Exhibit D**.  Mr. Braun, however, did not explain why he believed the government's proffered authority was inapplicable, nor did he provide any authority supporting his untenable position that the government must retain a court certified translator to offer translations of his statements and Mandarin-language documents at trial.

**III. ARGUMENT**

As set forth in its original, renewed and supplemental, and second renewed and supplemental motions to compel, which are incorporated herein by reference, Rule 16(b) provides that when a defendant has requested that the government produce discovery in accordance with Rule 16(a), and the government has complied, the defendant must provide reciprocal discovery to the government.  The purpose of Rule 16(b) is to ensure that discovery is a "two-way street."  United States v. Stackpole, 811 F.2d 689, 697 (1st Cir. 1987).  A defendant's failure to comply with the requirements of Rule 16(b) provides grounds for excluding any evidence defendant has improperly failed to produce.  See Taylor v. Illinois, 484 U.S. 400, 410-11 (1988).  The Ninth Circuit and other courts have adopted this view in excluding evidence as a sanction for defendant's failure to

4

comply with reciprocal discovery obligations.  See, e.g., United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (affirming exclusion of evidence apparently withheld so that the government would be unable to fully investigate).

    Defendant has repeatedly failed to comply with the Court's orders requiring that he meet his reciprocal discovery obligations, including his obligation to disclose any expert he might call at trial.  Those disclosures are necessary to ensure the Court can fulfill its gate-keeping function pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).  Defendant's disregard for the Court's orders requiring those disclosures, especially considering the fast-approaching trial date, more than justifies precluding him from calling any expert at trial.  This ruling would and should prevent defendant from providing, among other evidence based on expert testimony, competing translations of the government's Mandarin-language evidence.  See United States v. Abonce-Barrera, 257 F.3d 959, 964 (9th Cir. 2001) (affirming district court's admission of translations and transcriptions made by DEA agent and observing that where the defendant does not provide competing translations, he fails to put those translations at issue).

//

**IV. CONCLUSION**

For the foregoing reasons, the government requests that the Court enter an Order precluding defense experts at trial.

Dated: June 28, 2021            Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                      CHRISTOPHER D. GRIGG
                                      Assistant United States Attorney
                                      Chief, National Security Division

                                                /s/
                                      GEORGE E. PENCE
                                      WILLIAM M. ROLLINS
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**Exhibit A**

# Pence, George (USACAC)

| | |
|---|---|
| **From:** | Rollins, William (USACAC) |
| **Sent:** | Monday, June 14, 2021 11:42 AM |
| **To:** | Harland Braun |
| **Cc:** | Pence, George (USACAC) |
| **Subject:** | U.S. v. Guan Lei - Witness Disclosure Letter |
| **Attachments:** | Witness Disclosure Letter 06142021.pdf |

Good Morning Counsel:

Please see the attached disclosure letter.

Will Rollins
Assistant United States Attorney
National Security Division | Terrorism and Export Crimes Section
U.S. Attorney's Office | 312 N. Spring St., Suite 1500 | Los Angeles, CA 90012

1



**United States Department of Justice**

**United States Attorney's Office**
**Central District of California**

---

GEORGE E. PENCE
WILLIAM M. ROLLINS

1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

June 14, 2021

**VIA EMAIL**

Mr. Harland Braun
Email:

    Re:    United States v. Guan,
             CR No. 20-127(B)-MWF

Dear Mr. Braun:

At the June 7, 2021 hearing, the Court directed the government to identify the experts, and those persons that the government has disclosed as experts out of an abundance of caution, that the government anticipates will testify at trial, which is scheduled to start on August 31, 2021. Those persons, and the date of the letter whereby the government first disclosed their names to defense counsel, follows:

- Lieutenant Colonel Isaac Faber, Ph.D. (Feb. 12, 2021);
- Timothy Hurt, Federal Bureau of Investigation ("FBI") Special Agent (Oct. 22, 2020);
- Chiahao "Jerry" Wu, FBI language analyst (via email on May 24, 2021);
- Tiffany Smith, FBI DNA analyst (Oct. 22, 2021);
- Jason Abramowitz, FBI computer scientist (Oct. 29, 2020);
- Andrew Y. Jaung and Keanu L. Beltran, FBI forensic examiners (Oct. 22 2020 and Feb. 12, 2021)
- Paul Migano, Foreign Service Officer, U.S. Department of State (Apr. 30, 2021); and
- Emily Weinstein (Apr. 30, 2021).

Furthermore, on April 5, 2021, the government filed its Motion in Limine No. 7 Requesting a Ruling on the Foundational Admissibility of Defendant's Statements and Part of the Code of Federal Regulations. That Motion attached as Exhibit A transcripts of translations of defendant's recorded interviews with the FBI that the government intends to play at trial. The government understands that defendant may dispute those translations. So that the parties can address these disputes, and possibly narrow the issues, before bringing them to the Court's attention in a motion in limine, the government requests that defendant identify the disputed translations by July 2, 2021.

Mr. Harland Braun
RE:  United States v. Guan

Page 2

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

/s/

GEORGE E. PENCE
Assistant United States Attorney
Terrorism and Export Crimes Section

**Exhibit B**

## Pence, George (USACAC)

| | |
|---|---|
| **From:** | Rollins, William (USACAC) |
| **Sent:** | Wednesday, June 23, 2021 2:58 PM |
| **To:** | Harland Braun; Pence, George (USACAC) |
| **Cc:** | Bin Li; Lei Guan |
| **Subject:** | RE: Expert Witness Disclosure per Rule 16 |

Harland:

The first sentence of your email indicates that defendant intends only to call percipient witnesses at trial. The third sentence, however, suggests that defendant will not, at this time, identify any expert witness he intends to call at trial, on the grounds that the government has not already designated its expert witnesses, notwithstanding multiple letters the government sent to defense counsel, the most recent of which was dated June 14, 2021, wherein the government did, in fact, designate the expert witnesses it intends to call at trial. In a separate email yesterday, you also referred to a "new computer analysis" conducted by the defense, which suggests that defendant intends to rely on expert testimony about his digital devices. Would you please comply with the Court's orders and clarify defendant's position with respect to whether defendant intends to call any expert witnesses at trial and who those experts may be?

The government intends to play excerpts of recordings of defendant's statements and will seek to admit translations of those statements at trial prepared by an FBI employee. We understand that defendant disputes some or all of those translations. To date, however, defendant has refused to identify the matters in dispute. The Ninth Circuit has routinely upheld the admission of translation testimony offered by government employees and affirmed district court findings that defendant failed to place the accuracy of those translations at issue by submitting competing translations of disputed passages. See, e.g., United States v. Abonce-Barrera, 257 F.3d 959, 964 (2001). Defendant's position that the government must retain a third-party translator is untenable. Accordingly, please identify the parts of the government's translations that defendant disputes.

The government has already produced abundant discovery related to the nature of the FBI's investigation. As examples, the government refers you to FBI Serial 15 (GUAN_00000101- 07), the criminal complaint (GUAN_00002049-76), and the transcripts of defendant's interviews (GUAN_00036015-36150). Moreover, as the government has previously represented in pleadings filed in this case, in the email that you seem to reference, the FBI case agent attempted to expedite a DNA analysis simply because defendant was about to depart the country. (CR 167 at 25; CR 171 at 6.) That the case agent's supervisors may have been interested in his work on this investigation or status updates regarding the DNA lab results does not seem germane to any issue in this case.

To the extent the government understands the remaining questions in your email, which appear to be based on your personal political views, the government has complied with, and will continue to comply with, its discovery obligations, including under Brady. The government does not see the relevance of the information you have requested to any cognizable legal defense, to the question of defendant's guilt or innocence, or to any issue related to sentencing. Your mere reference to "Equal Protection," without any further legal analysis or discussion, does not alter the government's assessment of its discovery obligations.


Will Rollins
Assistant United States Attorney
National Security Division | Terrorism and Export Crimes Section
U.S. Attorney's Office | 312 N. Spring St., Suite 1500 | Los Angeles, CA 90012

**From:** Harland Braun <​​​​​​​​​​​​​​​​>
**Sent:** Monday, June 21, 2021 7:36 PM
**To:** Rollins, William (USACAC) <​​​​​​​​​​​​​​​​>; Pence, George (USACAC) <​​​​​​​​​​​​​​​​>
**Cc:** Bin Li <​​​​​​​​​​​​​​​​>; Lei Guan <​​​​​​​​​​​​​​​​>
**Subject:** Expert Witness Disclosure per Rule 16

At this time, based on what we have been informed about the government's case, we intend to only call percipient witnesses. We recognize that the government is still investigating (i.e. the UCLA subpoena) and we reserve the right to decide to call expert witnesses based on the government's further investigation or disclosure. When you designate your expert witnesses, we will decide whether we will hire and call ours and, if so, expert witness disclosure will be prompt as required by Rule 16.

In this case, which is quite unusual, the defendant himself is an expert. The FBI questioned Mr. Guan for many hours and any failure to ask questions would be a result of FBI incompetence rather than Mr. Guan's failure to respond. In any evident, Mr. Guan will testify as both a percipient witness and an expert witness.

It is our position that the only way the government can present the FBI interrogation of Mr. Guan is to have the Mandarin interpreted by a court certified interpreter. You have 10 weeks to accomplish this simple task which includes giving us the certified interpretation. We also believe that the government cannot just offer a portion of the transcript because the entire transcript is relevant to whether Mr. Guan thought he was under investigation and the blatant bias of the FBI investigators.

Mr. Guan is a Mandarin speaker and can read and write limited English. Without being an expert, as a percipient witness, he can testify to the many mistakes, omissions, and fabrications he found in the FBI transcript. Our Constitution prevents us from previewing Mr. Guan's testimony

either as an expert or as a percipient witness. We do not plan to litigate the issues about the interrogation in advance—they will be solved with your employment of a certified interpreter and your dismissal of the related charges.

We need some additional information to assist use in complying with rule 16. You claim the hard drive was destroyed to interfere with an FBI investigation. An investigation of what ? Who approved the investigation and what were the instructions given the investigators? Was it a legitimate investigation or just to appease Trump? What information caused the investigation?

Who were the "headquarters" and " other agencies" that were pushing your investigator as revealed in the internal FBI email?? We need this information for a possible equal protection motion.

Sincerely,
Harland Braun



**BRAUN&BRAUN**LLP
Trial Lawyers | Trusted Counsel

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP

# Exhibit C

**Pence, George (USACAC)**

| | |
|---|---|
| **From:** | Harland Braun <​█████████​> |
| **Sent:** | Tuesday, June 22, 2021 10:38 AM |
| **To:** | Pence, George (USACAC); Rollins, William (USACAC) |
| **Subject:** | Miscellaneous |

See link to article. Thanks to the internet, history will never forget the hapless prosecutors in Knoxville.

We see in the LA Times, page 4 today, that the leader of the China Initiative, John Demers, has quit just before he was to be run out of town for corruption. I assume the local prosecutors are now free to dismiss this misbegotten case and save their souls and reputations.

Based on our new computer analysis of your evidence, we believe we can prove beyond a reasonable doubt that "Special" Agent Hurt may be subject to a federal perjury prosecution. We are not going to tell you how to run your case, but I would consider advising him that he should retain his own counsel. We do not want our trial interrupted by your investigator taking the Fifth. We are giving you this warning to prevent you from claiming that a mistrial is not double jeopardy due to necessity.

https://amp.knoxnews.com/amp/7649378002

Sincerely,
Harland Braun



**BRAUN & BRAUN** LLP
Trial Lawyers | Trusted Counsel

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP

**Exhibit D**

**Pence, George (USACAC)**

| | |
|---|---|
| **From:** | Harland Braun <​█████​> |
| **Sent:** | Thursday, June 24, 2021 9:05 AM |
| **To:** | Rollins, William (USACAC); Pence, George (USACAC) |
| **Cc:** | Bin Li; Lei Guan |
| **Subject:** | Abonce-Barrera |

We reviewed the case you cited to us. Are you kidding? Don't you have a better case? You both should be embarrassed.

Sincerely,
Harland Braun



This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Braun & Braun LLP